Filed 9/17/24  P. v. Torres CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANNY TORRES,<br><br>    Defendant and Appellant. | B331201<br>(Los Angeles County<br> Super. Ct. No. TA159340) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Affirmed as Modified.

Susan Morrow Maxwell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jason Tran, Supervising Deputy Attorney General, and Kristen J. Inberg, Deputy Attorney General, for Plaintiff and Respondent.

Defendant Danny Torres pled no contest to grand theft of a firearm. The trial court ordered defendant to pay victim restitution for several items, including two stolen handguns. On appeal, defendant contends the restitution award should be reduced by $3,600, the amount ordered for the stolen handguns, because the loss of these firearms ultimately resulted not from the theft but from the victim's own unlawful conduct. The Attorney General concedes, and we agree, the restitution order should be modified as requested. In all other respects, we affirm the judgment.

## PROCEDURAL BACKGROUND

On January 19, 2023, the Los Angeles County District Attorney's Office filed a complaint charging defendant with grand theft of a firearm, specifically a Glock 43x handgun, a Glock 19x handgun, and two AR-9 assault rifles (Pen. Code, § 487, subd. (d)(2))[1] and possession of a firearm by a felon (§ 29800, subd. (a)(1)). Defendant later pled no contest to grand theft of a firearm. The other count was dismissed pursuant to a plea agreement. On April 18, 2023, the trial court sentenced defendant to two years formal probation and ordered victim restitution in an amount to be determined at a future hearing.

On May 20, 2023, the trial court held a restitution hearing. The victim had filed a restitution request, which included $1,800 for the Glock 43x handgun and $1,800 for the Glock 19x handgun. Defense counsel disputed the amount of restitution sought by the victim for these firearms. The victim testified he purchased the handguns in Billings, Montana from a private party, paid in cash, and did not have a receipt. He was later unable to

_____

[1]     All further statutory references are to the Penal Code unless otherwise stated.

2

register the two handguns in California and did not have any proof he was the lawful owner. The victim further testified law enforcement recovered the handguns from defendant, but the State would not release them because he failed to comply with California law when transporting the handguns across state lines. After his testimony, defense counsel argued the victim should not be entitled to restitution for these two handguns because there was no documentation that the victim was the lawful owner. The trial court stated that the victim "appeared credible," and it had "no reason to disbelieve him." The court then ordered defendant to pay a total of $8,400 in restitution to the victim plus 10 percent interest per annum from the date of sentencing. This amount included $3,600 for the loss of the victim's two handguns.

Defendant timely appealed.

## DISCUSSION

Defendant asserts that the amount of restitution should be reduced by $3,600, the cost of the two handguns, because the loss of these firearms resulted from the victim's unlawful conduct, not the theft. The Attorney General concedes, and we agree modification of the restitution award by $3,600 is warranted.

The California Constitution expresses "the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer." (Cal. Const., art. I, § 28, subd. (b)(13)(A).) "Restitution shall be ordered from the convicted wrongdoer in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss." (Cal. Const., art. I, § 28, subd. (b)(13)(B).)

3

"Section 1202.4 implements this constitutional mandate." (*People v. Foalima* (2015) 239 Cal.App.4th 1376, 1395.) That section states, in part, that "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim." (§ 1202.4, subd. (f).) "To the extent possible, the restitution order . . . shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct, including, but not limited to, . . . [f]ull or partial payment for the value of stolen or damaged property." (§ 1202.4, subd. (f)(3)(A).)

"The standard of proof at a restitution hearing is preponderance of the evidence." (*People v. Holmberg* (2011) 195 Cal.App.4th 1310, 1319.) "Generally speaking, restitution awards are vested in the trial court's discretion and will be disturbed on appeal only when the appellant has shown an abuse of discretion." (*Id.* at p. 1320.)

We agree with the parties that the victim's losses were not the result of defendant's criminal conduct. (§ 1202.4, subd. (f)(3)(A).) While it is undisputed that defendant was responsible for the initial loss of the victim's two handguns, it was the State that ultimately withheld their return to the victim as he did not lawfully possess them. (See § 27585 [a California resident may not import, bring, or transport into California a firearm he or she purchased from outside of California, unless he or she first has that firearm delivered to a dealer in California for delivery to the residence].) Because the victim's unlawful conduct was the ultimate cause of the loss, the trial court abused its discretion by ordering defendant to pay restitution for the two firearms.

4

## DISPOSITION

The judgment is modified to strike $3,600 for the two handguns (Glock 43x and Glock 19x) from the victim restitution order.  As modified, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

WE CONCUR:


COLLINS, Acting P. J.


MORI, J.